a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MICHAEL ZUNIGA #70326-509, Petitioner | CIVIL DOCKET NO. 1:26-CV-00345 SEC P |
| VERSUS | JUDGE EDWARDS |
| WARDEN GOLDEY, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

# REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Michael Zuniga ("Zuniga"), a prisoner at the United States Penitentiary in Pollock, Louisiana. Zuniga challenges the computation of his sentence by the Bureau of Prisons ("BOP").

Because Zuniga cannot establish that he is entitled to additional federal sentencing credit, the Petition should be DENIED and DISMISSED WITH PREJUDICE.

## I. Background

On February 5, 2019, Zuniga was arrested in Muskogee County, Oklahoma, and charged with assault. ECF No. 1-4 at 2. On September 23, 2021, Zuniga pleaded guilty to "a separate charge," and was sentenced to 60 months of imprisonment. *Id.*

On October 21, 2021, Zuniga was indicted on multiple federal assault charges arising from the same conduct for which he was originally arrested in Muskogee County. *Id.*

On July 13, 2023, Zuniga pleaded guilty in federal court to assault with a dangerous weapon with intent to do bodily harm in Indian Country and discharge of a firearm during and in relation to a crime of violence. He was sentenced to a total of 160 months of imprisonment. *United States v. Zuniga*, 21-CR-318, 2024 WL 4579600, at *1 (E.D. Okla. Oct. 25, 2024). Zuniga contends that the federal judge recommended that he get credit for time served from February 5, 2019. ECF No. 1-4 at 2.

On October 18, 2023, Zuniga completed his state sentence and was transferred to federal custody for the commencement of his federal sentence. *Id.*

Zuniga asserts that he sought review through the BOP administrative remedy process, but did not receive a response at the final step. ECF No. 1.

## II. Law and Analysis

Zuniga alleges that the sentencing court intended to award him credit for the time he spent in state custody prior to his federal sentencing. He also contends that he is entitled to credit toward his federal sentence because the federal conviction arose from the same criminal conduct as the state conviction. ECF Nos. 1, 6.

Zuniga asserts that the federal sentencing judge recommended he receive credit for time served from February 5, 2019. ECF No. 1-4 at 2. Neither the judgment nor the sentencing transcript contain such a recommendation. ECF No. 6-1 at 28; *United States v. Zuniga*, No. 21-CR-00318, ECF No. 64 (E.D. Ok. 6/30/23). In fact, at sentencing, the judge explicitly explained:

> Also, it is beyond my jurisdiction to direct the Bureau of Prisons to apply any particular sentence credit. That is within their purview. And I

> expect them to do that in accordance with their policies and with the law.

ECF No. 6-1 at 28.

Indeed, the authority to grant or deny sentencing credit has been delegated to the BOP. *See U.S. v. Wilson*, 503 U.S. 329 (1992); *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003).

The computation of a federal sentence is governed by 18 U.S.C. § 3585, which provides:

> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. Therefore, under § 3585(b), a prisoner may only receive credit for time served if it has not already been credited toward another sentence, even if it is a result of the offense for which the sentence is imposed.

Zuniga was serving a state sentence when his federal sentence was imposed. Accordingly, his prior custody was credited to that 60-month state sentence. And §

3585(b) expressly prohibits that time from also being credited toward his federal sentence.

Zuniga received two days of jail credit, from February 5 through February 7, 2019, toward his federal sentence, as that time was not credited toward the state sentence. ECF No. 6-1 at 6. This is all the credit to which he is entitled.

## III. Conclusion

Because Zuniga is not entitled to additional sentencing credit, IT IS RECOMMENDED that the Petition be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, July 13, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE